# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv235

| | |
|---|---|
| DANIELLE HATTEN, as a minor child by and through her Guardian *Ad Litem*, P. MICHELLE RIPPON; and GREGORY ALLEN HATTEN,  Plaintiffs,  Vs.  RODGER J. MORGAN; TRANSYLVANIA COUNTY DSS; LOUISE KOONTZ; DOTTIE HARRIS; and CARSON GRIFFIN,  Defendants. | ORDER |

**THIS MATTER** having come before the court on an Order to show cause. At the hearing, it appeared that good cause was shown by the Buncombe County DSS and its officers that it had not received from defendant Transylvania County DSS a copy of this court's earlier Order and that Transylvania County DSS had not made contact with Buncombe County DSS. It further appeared at such hearing that defendant Transylvania County DSS and its director, while representing to the court that it had made all necessary arrangements with Buncombe County DSS, failed to take reasonable and prudent steps to notify Buncombe County DSS. Specifically, such defendant failed to make certain that the court's Order was properly transmitted, and rather than make personal contact with colleagues at Buncombe County DSS, left an after hours message on a voice answering system. This lack of diligence resulted

-1-

in precisely what this court wished to avoid, which was the minor plaintiff not being transported to visit with her guardian *ad litem*. Leaving after hours messages, while it appears to be common practice in social services offices, it is simply inadequate for a party to comply with this court's Order involving the very basis of litigation. It appearing that the guardian *ad litem* in this matter was forced to waste billable hours on account of such defendant's lack of diligence, the court will Order Transylvania County DSS to pay directly to Ms. Rippon $1443.28, representing half her fees in this matter, and defendant Carson Griffin to pay $1000.00 to the Clerk of this court for the unnecessary expenses her lack of diligence and candor caused this court, the parties, non-parties, and the United States Marshal. Payment shall be made on or before September 4, 2007

Next the court will require plaintiff, Mr. Hatten, to pay to Ms. Rippon the other half of her fees inasmuch as he was the proponent of this litigation. Mr. Hatten shall pay Ms. Rippon $1443.28, which counsel for plaintiff should pay from the escrow previously certified. Payment shall be made on or before September 4, 2007.

The court also finds that counsel for plaintiffs, Mr. Barton, was one hour late in arriving at the Show Cause Hearing, causing six lawyers to await his arrival, as well as court staff, litigants, non-parties, and other public servants. While counsel had delegated the task of reviewing ECF notices to his staff, responsibility for reviewing the court notices lies solely with counsel. Due to delay and undue expense incurred by others, as well as the nature of the hearing which required the appearance of non-parties, and it appearing that all other parties and counsel reviewed their notice

and appeared, the court will impose a sanction of $1200.00 plus $60.00 payable to the Clerk of this court.

Despite 30 years of distinguished practice in state court, the court finds that Mr. Barton, whose case was involuntarily removed to this court, was placed at a procedural disadvantage due to his lack of experience in this court. While there are many similarities in state and federal practice, knowledge of where the rules diverge is important to the swift administration of justice. See Docket Entry 10. See also Hatten v. Hatten, *et al.,* 1:06cv319, at Docket Entry 10 (W.D.N.C. 2006)(wherein counsel herein failed to cite any authority in response to a motion to dismiss, which was then granted); The Estate of John M. Mason v. Universal Underwriters Life Insur. Co., 1:06cv190 (W.D.N.C. 2006)(wherein the district court struck counsel for plaintiff's filing of a brief responsive to a motion to dismiss some 35 days late and after the M&R had issued, and noted that there was no showing of excusable neglect, and no that no objections were filed to the M&R., and granting the motion to dismiss). While this court has no doubt that counsel for plaintiffs is both competent and capable, his record in this court indicates a need for assistance in federal matters. In all further actions in the United States District Court for the Western District of North Carolina, Mr. Barton shall associate counsel with substantial federal experience unless leave is otherwise granted by the court.

While this case and the proceedings this court was compelled to conduct have been less than pleasant, the court commends respective counsel as well as the parties in reaching a fair and equitable resolution of this dispute.

**ORDER**

**IT IS, THEREFORE, ORDERED** that by September 4, 2007:

(1)  Defendant Transylvania County DSS pay directly to Michelle Rippon $1443.28;

(2)  Defendant Carson Griffin pay in to the Clerk of this Court $1000.00;

(3)  Mr. Barton pay into the Clerk of this Court the amount of $1260.00; and

(4)  Plaintiff Donald Hatten pay to Michelle Rippon $1443.28.

**IT IS FURTHER ORDERED** that Mr. Barton, as a respected member of the Bar of this court, associate experienced counsel in all further matters in the United States Court for the Western District of North Carolina, unless leave from the court is first obtained.

Signed: August 20, 2007

Dennis L. Howell
United States Magistrate Judge